IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **2018 BUGATTI CHIRON (VIN#: VF9SP3V34JM795083)**, <br><br> Defendants *in rem*. | **Civil No. 23-1392 (SCC)** |

## CLAIMANTS MOTION TO DEEM THEIR MOTION TO UNSEAL AND MOTION TO DISMISS UNOPPOSED AND DISMISS THIS ACTION WITHOUT FURTHER HEARING

Claimants Golden Exotics, LLC and Kevin Thobias (together, "Claimants") move this Court to deem their Motion to Unseal (ECF No. 23) and Motion to Dismiss (ECF No. 24) unopposed, and therefore unseal the affidavit and unsworn declaration identified in the Motion to Unseal, and dismiss the "Verified Complaint for Forfeiture In Rem" filed by the United States (ECF No. 1) in this action. In support Claimants state as follows:

1. On October 2, 2023, Claimants filed a Motion to Unseal and supporting memorandum requesting the court unseal an affidavit submitted in support of a seizure warrant that was executed against Claimant Thobias's solely-owned company, Claimant Golden Exotics, LLC, as well as an unsworn declaration submitted to support the issuance of an arrest warrant *in rem* against the defendant property in this action (ECF No. 3). See <u>ECF No.23, Motion to Unseal.</u>

1

2. The government was properly served via the CM/ECF system at that time. See D.P.R. Civ. R. 5(b).

3. On October 5, 2023, Claimants filed a Motion to Dismiss and supporting memorandum pursuant to Fed. R. Civ. P. 12(b)(6) seeking dismissal of this action and return of the defendant property. See ECF No. 24, Motion to Dismiss. That motion is based on the government's failure to meet the heightened pleading standard of Supp. R. Adm. or Mar. Cl. & Asset Forfeiture Actions E(2)(a) in its complaint, among other grounds.

4. The government was properly served via the CM/ECF system at that time. See D.P.R. Civ. R. 5(b).

5. Under Rule 7(b) of the Local Rules of the United States District Court for the District of Puerto Rico, a party has fourteen (14) days to respond to a motion by filing a written opposition with the court.

6. With respect to the Motion to Unseal, this 14-day period passed on October 16, 2023, without the government filing any written opposition.

7. With respect to the Motion to Dismiss, the 14-day period passed on October 19, 2023, without the government filing any written opposition.

8. The government has not contacted Claimants' counsel requesting any extension of the period for responding to these motions.

9. Under Local Rule 7(b), the government's failure to file a supporting or answering memorandum in opposition to Claimants' Motion to Unseal and Motion to Dismiss constitutes a waiver of any objection to these motions:

   > "Unless within fourteen (14) days after the service of a motion the opposing party files a written opposition to the motion, the opposing party shall be deemed to have waived any objection to the motion.
   >
   > Any opposition shall include citations, supporting authorities, affidavits and other documents setting forth or evidencing facts on which the objection is based." D.P.R. Civ. R. 7(b)

10. Because the government has presented no opposition to Claimants' meritorious Motion to Unseal, Claimants respectfully request that the court immediately unseal both the affidavit submitted in support of the seizure warrant, as well as the unsworn declaration submitted to support the issuance of an arrest warrant *in rem* against the defendant property.

11. Further, "in the district court in Puerto Rico, failure to respond to a motion "renders a party susceptible to involuntary dismissal, pursuant to [Federal Rule of Civil Procedure] 41(b), for failure to prosecute." Vega-Encarnacion v. Babilonia, 344 F.3d 37, 40 (1st Cir. 2003), quoting Negron–Gaztambide v. Hernandez–Torres, 35 F.3d 25, 26 n. 4 (1st Cir.1994). See also Suárez v. MCS Life Insurance Company, No. 21-cv-1376-ADC, 2022 WL 3227806 (D.P.R. August 10, 2022) (granting unopposed motions to dismiss).

12. As the government has failed to timely respond to Claimants meritorious motion to dismiss, the court should dismiss this action and order immediate return of the defendant property.

13. For these reasons, Claimants respectfully request that this court:

    a. deem their Motion to Unseal and Motion to Dismiss unopposed without further hearing;

    b. enter an order unsealing the pertinent documents and granting their motion to dismiss, and granting immediate restitution of the defendant property; and

    c. award Claimants the costs of this action and their attorneys' fees in connection with the preparation and presentation of this motion, together with such other and further relief as the court considers just and proper.

**WE HEREBY CERTIFY** that we electronically filed the instant claim using the CM/ECF System, which will send notification to all counsel of record.

[Signature Page Follows]

                                                     Respectfully submitted,

Date: October 5, 2023

                      /s/ William I. Talbot
                      William I. Talbot
                      *Admitted Pro Hac Vice*
                      Wolffers Cohen & Edderai, LLP
                      14 E. 4th St., Suite 501
                      New York, NY 10012
                      Office: (646) 495-1819
                      Fax: (646) 619-4358
                      *Counsel for Claimants*

*Local Counsel for Claimants:*



WWW.CSTLAWPR.COM

PO Box 195075
San Juan, PR 00919-5075

Tel.: (787) 523-3434

Fax: (787) 523-3433 ndelnido@cstlawpr.com

*/s/NATALIA E. DEL NIDO RODRÍGUEZ*

USDC-PR No. 301410