IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>Plaintiff,<br><br>v.<br><br>**2018 BUGATTI CHIRON (VIN#: VF9SP3V34JM795083)**,<br><br>Defendants *in rem*. | **Civil No. 23-1392 (SCC)** |

## CLAIMANTS' OPPOSITION TO PLAINTIFF'S MOTION REQUESTING EXTENSION OF TIME

Claimants Golden Exotics, LLC and Kevin Thobias (together, "Claimants") file this opposition to the Motion to Extend Time (the "Motion to Extend") filed by the United States on November 21, 2023 (ECF No. 30). As the government is already six weeks past the deadline for filing a response to the motion at issue, namely Claimants' Motion to Dismiss (ECF No. 24), Claimants respectfully request the court deny the Motion to Extend, and grant Claimants' earlier motion to deem their Motion to Dismiss unopposed (ECF No. 28, filed November 1, 2023; the government has not opposed that motion as of the date of this writing). In support Claimants state as follows:

1. On October 5, 2023, Claimants filed a Motion to Dismiss and supporting memorandum pursuant to Fed. R. Civ. P. 12(b)(6) seeking dismissal of this action and return of the defendant property. ECF No. 24, Motion to Dismiss. That motion is based on the government's failure to meet the heightened pleading standard of Supp. R. Adm. or Mar. Cl. & Asset Forfeiture Actions E(2)(a) in its complaint, among other grounds.

1

2. The government was properly served via the CM/ECF system at that time. See D.P.R. Civ. R. 5(b).

3. Under Rule 7(b) of the Local Rules of the United States District Court for the District of Puerto Rico, a party has fourteen (14) days to respond to a motion by filing a written opposition with the court.

4. This 14-day period passed on October 19, 2023, without the government filing any written opposition.

5. Under Local Rule 7(b), the government's failure to file a supporting or answering memorandum in opposition to Claimants' Motion to Dismiss constitutes a waiver of any objection to the motions:

   > "Unless within fourteen (14) days after the service of a motion the opposing party files a written opposition to the motion, the opposing party shall be deemed to have waived any objection to the motion.
   >
   > Any opposition shall include citations, supporting authorities, affidavits and other documents setting forth or evidencing facts on which the objection is based." D.P.R. Civ. R. 7(b)

6. Further, "in the district court in Puerto Rico, failure to respond to a motion "renders a party susceptible to involuntary dismissal, pursuant to [Federal Rule of Civil Procedure] 41(b), for failure to prosecute." Vega-Encarnacion v. Babilonia, 344 F.3d 37, 40 (1st Cir. 2003), quoting Negron–Gaztambide v. Hernandez–Torres, 35 F.3d 25, 26 n. 4 (1st Cir.1994). See also Suárez v. MCS Life Insurance Company, 2022 WL 3227806 (D.P.R. August 10, 2022) (granting unopposed motions to dismiss).

7. Claimants accordingly filed a motion to deem their Motion to Dismiss unopposed (the "MTDU") on November 1, 2023. See ECF No. 25, Motion to Deem Unopposed.

8. The 14-day period to respond to the MTDU passed on November 15, 2023, without the government filing any written opposition. The government has still not filed any written opposition as of the date of this writing.

9. As the government has failed to timely respond to Claimants' meritorious Motion to Dismiss, and to the MTDU, the court should dismiss this action and order immediate return of the defendant property.

10. In its Motion to Extend, the government argues that it should have even more time to respond to the Motion to Dismiss because the unsworn declaration on which it based this action was recently unsealed at its own request.

11. This argument makes little sense. The government has had access to the unsworn declaration throughout the pendency of this action. If the additional delay the government requests is sanctioned by the court, government counsel will have had 10 weeks to respond to the Motion to Dismiss when the Rules prescribe 14 days.

12. Further, if it was important to the government for Claimants to have access to the unsworn declaration, the government could have unsealed it at any time, including after the filing of Claimants' Motion to Unseal the declaration on October 2, 2023, or after Claimants filed the Motion to Dismiss on October 5, 2023. The government could then have filed a timely response to the Motion.

13. The more prosaic and logical explanation for the government's request is that its case is disorganized, and its counsel needs more time to respond because they missed the response deadline without excuse, or even a request for additional time.

14. The government has been extraordinarily dilatory in prosecuting this action, as evidenced by its failure to respond substantively to the Motion to Dismiss and MTDU. These

missed deadlines and constant delays would not generally be tolerated in an action between private parties, and it is not clear why the government expects its haphazard approach to be tolerated here.

15. As of the date of this writing, it has been six months since the defendant property was seized. Mr. Thobias has still not been indicted or charged with any crime, and there is no indication of an ongoing grand jury process. It is becoming increasingly apparent that the government does not have sufficient evidence to make a criminal case against Mr. Thobias.

16. The defendant property is not worth a small sum, as the government valued it at approximately $3.7mm USD. If the government is to be permitted to seize property belonging to a citizen who has not been charged with any crime, and to hold that property for many months simply because of superficial and non-specific allegations of a law enforcement officer that a crime has been committed, it should not be permitted to also ignore or unduly delay the statutorily-required action it filed to seize that property. The government's delays are fundamentally at odds with the guarantees of our Constitution and the precepts of our system of justice, and Claimants respectfully ask the court to correct it.

17. For these reasons, Claimants request that this court:
    a. deny the government's Motion to Extend;
    b. deem Claimants' Motion to Dismiss unopposed without further hearing;
    c. enter an order granting immediate restitution of the defendant property; and

d.  award Claimants the costs of this action and their attorneys' fees in connection with the preparation and presentation of this motion, together with such other and further relief as the court considers just and proper.

**WE HEREBY CERTIFY** that we electronically filed the instant claim using the CM/ECF System, which will send notification to all counsel of record.

[Signature Page Follows]

                                              Respectfully submitted,

Date: December 1, 2023

                                       /s/ William I. Talbot
                                       William I. Talbot
                                       *Admitted Pro Hac Vice*
                                       Wolffers Cohen & Edderai, LLP
                                       14 E. 4th St., Suite 501
                                       New York, NY 10012
                                       Office: (646) 495-1819
                                       Fax: (646) 619-4358
                                       *Counsel for Claimants*

*Local Counsel for Claimants:*



WWW.CSTLAWPR.COM

PO Box 195075
San Juan, PR 00919-5075

Tel.: (787) 523-3434
Fax: (787) 523-3433  ndelnido@cstlawpr.com

***/s/NATALIA E. DEL NIDO RODRÍGUEZ***

USDC-PR No. 301410