IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>　Plaintiff,<br><br>v.<br><br>**2018 BUGATTI CHIRON (VIN#VF9SP3V34JM795083),**<br>　Defendants,<br><br>and<br><br>**KEVIN THOBIAS & GOLDEN EXOTICS LLC,**<br>　Claimants. | CIVIL NO. 23-1392 (MDM) |

## MINUTE

　　On August 23, 2024, at 9:00AM, the case was called for a Further Status/Settlement Conference in the virtual chambers of U.S. Magistrate Judge Marshal D. Morgan. Though counsel for all parties duly appeared, the conference was not held because the government had filed a motion at Docket No. 46 informing the Court that the agency needed more time to review the settlement proposal put forth by the *in-rem* defendant and claimants. AUSA Myriam Y. Fernández-González appeared on behalf of the plaintiff and Berwin Cohen, Jonathan Edderai and Natalia Eugenia Del Nido-Rodríguez appeared on behalf of the *in-rem* defendant and the claimants.

　　AUSA Fernández informed that the settlement offer submitted by the *in-rem* defendant and claimants must be reviewed at the Chief Counsel's level of CBP, and as a result, the review will take a few more days to complete. AUSA Fernández also mentioned that there is a possible factual discrepancy between the information that the government has and what was submitted by the claimants. That discrepancy is being evaluated by the government. AUSA Fernández again invited the claimants to submit any additional information that might assist them in their review of that factual discrepancy and the case in general.

　　Regarding claimant's request that their motion to dismiss be deemed unopposed, the Court clarified that though a motion might be deemed unopposed, that does not necessarily mean that it will be summarily granted by the Court without conducting the requisite analysis. Instead, the Court remains obligated to evaluate the issues, the facts and the arguments presented by the claimants to determine whether the moving party is entitled to the relief requested. Having clarified that, the Court reserves its decision as to the matter of deeming the motion to dismiss as unopposed.

　　Regarding the substance of the motion to dismiss, counsel agree that the arguments raised therein were based in large part on the fact that the affidavit in support of the seizure order, and the declaration of the agent, were both under seal at the time the complaint was filed and that

United States v. 2018 Bugatti Chiron (VIN#VF9SP3V34JM795083),                               P a g e | 2
Civil No. 23-1392 (MDM)

neither the in-rem defendant nor the claimants had access to them. They both agree that knowledge of their contents would have been helpful in fine tuning their arguments for dismissal. Given the fact that the government has now unsealed the affidavit in support of the seizure order and the unsworn declaration, the claimants can now consider any additional information gleaned from those two documents in order to better craft their arguments in favor of dismissal. In light of this recent turn of events, the original motion to dismiss will be **DENIED without prejudice.** Should the in-rem defendant and claimants so decide, they may file a new motion to dismiss that includes arguments supported by the newly discovered information.

In the new motion to dismiss, claimants indicated that they might argue, among other things, that the "blackhat" conduct alleged in the complaint is not criminal, and even if it were to be criminal, there is no link between the criminal conduct alleged and the property seized.

**The Court sets a Second Further Settlement and Scheduling Conference for Thursday, September 5, 2024, at 9:00AM in the virtual chambers of U.S. Magistrate Judge Marshal D. Morgan.**

In San Juan, Puerto Rico, this 23rd day of August 2024.

s/Marshal D. Morgan
MARSHAL D. MORGAN
United States Magistrate Judge

Conference began at 9:02AM
Conference ended at 9:45AM