IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | **Civil No. 23-1392 (SCC)** |
| v. | |
| **2018 BUGATTI CHIRON (VIN#: VF9SP3V34JM795083)**, | |
| Defendants *in rem*. | |

**CLAIMANTS' REPLY TO UNITED STATES' RESPONSE TO CLAIMANTS'**
**AMENDED MOTION TO DISMISS**

As the Government states in its Response to Claimants' Amended Motion to Dismiss ("Opposition"), to survive dismissal, a forfeiture complaint must include "sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." (Dkt. 59, quoting *United States v. $9,016,830.76 Seized from First Internet Bank Acct. Ending in 4629*, No. 2:22-CV-00070-TS, 2022 WL 16798006, at *2 (D. Utah Nov. 8, 2022)). Further, the United States may not "seize and continue to hold property upon conclusory allegations that the defendant property is forfeitable." *Medina-Rodriguez v. $3,072,266.59 in United States Currency*, 471 F. Supp. 3d 465, 474 (D.P.R. 2020), quoting *United States v. 1,399,313.74 in United States Currency*, 591 F. Supp. 2d 365, 369 (S.D.N.Y. 2008).

The Government's Opposition begins by repeating conclusory allegations that the Vehicle is forfeitable and references several statutes. The Opposition continues by pointing to various sections of its Unsworn Declaration, which still fail to demonstrate that it has alleged sufficient facts to survive Claimants' Amended Motion to Dismiss. These references underscore the Government's failure to assert facts that establish that a crime was allegedly committed.

1

Furthermore, the Government has failed to assert facts showing the nexus between the target asset (the "Vehicle"), the value of the Vehicle, and/or the alleged crime.

In its Opposition, the Government simply summarizes its Declaration, without adding anything new and without specifying any alleged facts to support a reasonable belief that it will be able to meet its burden of proof at trial. In attempting to prop up its case, the Government makes four main categories of allegations:

(i)   allegations relating to Claimant Thobias' communications and/or conversations with alleged "blackhat service providers";
(ii)  allegations of indisputably legal activities for which Claimant Thobias allegedly engaged (e.g., Claimant Thobias allegedly providing an email address to a "blackhat service provider"; that the Boosted Sale was contingent on Boosted's revenue target);
(iii) allegations relating to the Boosted Sale; and
(iv)  references to an interview with Adam Epstein, a Boosted employee who stated that he had no knowledge of any of the Government's allegations.

However, as described in Claimants' Amended Motion to Dismiss ("Motion") [Dkt. 58], none of these allegations adequately allege any crime committed by Claimant Thobias nor any relationship between any alleged crime and the seized Vehicle.

The Government renews its allegations of communications received by Claimant Thobias as to what types of services alleged "blackhat service providers" may have offered. However, once again the Government fails to allege that Claimant Thobias actually engaged the alleged "blackhat service providers" to perform these activities. The Government fails to provide how "blackhat" relates to any illegal activity. The Government never alleges that any actual illegal service occurred. [Dkt. 59, ¶ 6-8, 13.] And the Government fails to point to any meaningful allegations that demonstrate a nexus between the Vehicle and any alleged criminal activity, and does not even attempt to respond to these points raised by Claimants in their Motion. [Dkt. 59, ¶ 9-12.]. Instead, the Government focuses on providing counter arguments for issues with their Complaint that

Claimants never raised (e.g., the Government spends an entire page in their Opposition arguing that the Court may consider the Declaration as incorporated into the Complaint, despite the fact that Claimants have not challenged the Government's reliance on its Declaration as incorporated into the Complaint.  In addition, the Government spends the last page claiming Claimants require that all of the facts and evidence at the government's disposal be pled in the complaint.  This misrepresents Claimants argument, which never insisted on such a standard).

The specific alleged facts that the Government does manage to point to, such as that "Claimant Thobias was enjoying tax incentives," his alleged "use of a messaging application called WeChat on Thobias' cellular telephone," and that the Boosted Sale was contingent on Boosted's revenue target, do not demonstrate any unlawful activity. [Dkt. 59, ¶ 2, 5, 11.]

The Government argues: "At the pleading stage, "there is no requirement that all of the facts and evidence at the government's disposal be pled in the complaint; the government must simply plead enough specific facts for the claimant to understand the government's theory … and undertake her own investigation." *See United States v. Eleven (11) New Util. Vehicles*, 2014 WL 4385734, at *10 (D.P.R. Sept. 4, 2014)."  However, the Government has not pled enough specific facts for the Claimants, or anyone else, to understand the Government's theory.  Rather, the Complaint leaves its reader to try to create their own theory.  Simply including random facts, ambiguous terms, and allegations void of unlawful activity does not satisfy this standard (e.g. the Government's failure to define "blackhat" or to relate it to any illegal activity; allegations that Claimant Thobias was enjoying tax incentives; allegations of Claimant Thobias providing an email address to a "blackhat service provider"; allegations that Claimant Thobias would remain part of Nutragroup for the month following the Boosted Sale).

3

For the foregoing reasons, the Opposition fails to show that the Government has alleged sufficient facts to support a reasonable belief that the Government would be able to meet its burden of proof at trial. As described in Claimants' Motion, in order to sustain forfeiture on a wire fraud cause of action, a complaint must allege: "(1) a scheme to defraud, (2) knowing and willful participation in the scheme with the intent to defraud; and (3) the use of interstate or foreign wire communications to further that scheme." *United States v. McLellan*, 959 F.3d 442, 469 (1st Cir. 2020) (citation omitted); 18 U.S.C. § 1343. The Government, through its Complaint and Unsworn Declaration, fail to allege sufficient facts that could meet these elements of a wire fraud claim. Accordingly, Claimants' Amended Motion to Dismiss should be granted.

**WE HEREBY CERTIFY** that we electronically filed the instant claim using the CM/ECF System, which will send notification to all counsel of record.

Respectfully submitted on January 13, 2025.

*Counsel for Claimants*

/s/ Jonathan Edderai
Jonathan Edderai
*Admitted Pro Hac Vice*
Wolffers Cohen & Edderai, LLP
1132 Kane Concourse, Suite 205
Bay Harbor Islands, FL 33154
jonathan@wolfferscohen.com
Office: (786) 505-0431
Fax: (786) 544-2619

and,



_____

PO Box 195075
San Juan, PR 00919-5075
Tel.: (787) 523-3434
Fax: (787) 523-3433
ndelnido@cstlawpr.com

*/s/ NATALIA E. DEL NIDO RODRÍGUEZ*
USDC-PR No. 301410