IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> Plaintiff, <br><br> v. <br><br> **2018 BUGATTI CHIRON (VIN#: VF9SP3V34JM7950830,** <br><br> Defendants *in rem*. | **Civil No. 23-1392 (MDM)** |

### MOTION TO EXCLUDE EVIDENCE AND IMPOSE SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37

Claimants Golden Exotics, LLC, and Kevin Thobias ("Claimant Thobias," and collectively, "Claimants"), by and through their undersigned counsel, make the following Motion to Exclude Evidence and Impose Sanctions pursuant to Federal Rule of Civil Procedure 37 ("FRCP" or "Rule"), and in support state as follows:

### I.   FACTS

1. On May 31, 2023, U.S. Magistrate Judge Bruce J. McGiverin, of the United States District Court for the District of Puerto Rico, issued a Warrant to Seize Property Subject to Forfeiture ("Warrant"), based solely on a sealed affidavit provided by a government agent (the "Affidavit"). *See* ECF No. 24-1.

2. On or about June 2, 2023, government authorities with the Department of Homeland Security ("DHS"), under the authority granted by the Warrant, seized a 2018 Bugatti Chiron (VIN#: VF9SP3V34JM795083) (the "Vehicle") belonging to Golden Exotics, LLC, a company in which Claimant Kevin Thobias is the sole member.

1

3. The Vehicle was seized in Miami, Florida.

4. Claimants filed a Motion to Dismiss this action on October 5, 2023 [ECF 24].

5. The Government failed to timely oppose such motion. Thus, Claimants filed a motion to deem the Motion to Dismiss Unopposed [ECF 25].

6. The Government filed a motion to extend their deadline for another 15 days to respond to the motion to dismiss on October 21, 2024 [ECF 30].

7. The Government failed to oppose the motion to dismiss until December 22, 2023 [ECF 32].

8. This Court held four Settlement/Scheduling Conferences on August 15, 2024, August 23, 2024, September 5, 2024, and September 25, 2024 to address the motion to dismiss filed by Claimants, achieve a potential settlement, and impose a deadline for scheduling.

9. At a hearing before the Court on September 5, 2024, the Court ordered the Government to produce a government representative with authority to approve terms to a constructive seizure agreement due to the difficulty to receiving a response while negotiating the terms to the constructive seizure agreement [*See* ECF 52].

10. On November 14, 2024, Claimants filed an Amended Motion to Dismiss [ECF 58].

11. The Government filed its response in opposition to the Amended Motion to Dismiss on November 29, 2024 [ECF 59].

12. On January 13, 2025, Claimants filed a reply in support of their Amended Motion to Dismiss [ECF 64].

13. On or about January 16, 2025, the Claimants filed an Urgent Motion for Court Intervention and to Stay *In Rem* Proceedings [ECF 65].

14. On or about October 8, 2024, the Parties filed a Joint Scheduling Report providing a deadline of January 16, 2024 for initial disclosures under Rule 26 [*See* ECF 56], and the Court issued an order confirming such deadline on October 9, 2024 [*See* ECF 57].

15. The deadline for Rule 26 initial disclosures was on January 16, 2025.

16. To date, the Government has not provided initial disclosures pursuant to Rule 26.

## II.    LEGAL ARGUMENT

### A. This Court Should Exclude All Evidence The Government Failed To Timely Provide Under F.R.C.P. 26(a) and Pursuant To F.R.C.P 37(c) As Such Failure was Neither Substantially Justified or Harmless.

19. F.R.C.P. 26(a)(1)(A) requires the Government to disclose (i) "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information"; (ii) "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims"; (iii) "a computation of each category of damages claimed by the disclosing party"; and if relevant (iv) "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment."

20. On or about October 9, 2024, this Court issued an order confirming the deadline of January 16, 2024 for initial disclosures.

21. To date, the Government has failed to provide initial disclosures as required by F.R.C.P. 26.

22. Pursuant to F.R.C.P 37(c)(1), "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness

3

to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

23. The First Circuit's jurisprudence describes the exclusion as an "automatic sanction" intended to strongly induce compliance with disclosure requirements. *See* Esposito v. Home Depot U.S.A., 590 F.3d 72 (1st Cir. 2009).

24. F.R.C.P. 26 advisory committee's note provides that "[p]aragraph (1) prevents a party from using as evidence any witnesses or information that, without substantial justification, has not been disclosed as required by Rules 26(a) and 26(e)(1). This automatic sanction provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at a trial, at a hearing, or on a motion, such as one under Rule 56." *See* F.R.C.P. 26 advisory committee's note, 1993 amendments.

25. F.R.C.P. 37(c)(1) "clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches of this rule, and the required sanction in the ordinary case being mandatory preclusion." Klonoski v. Mahlab, 156 F.3d 255, 269 (1st Cir. 1998); *see* Poulis-Minott v. Smith, 388 F.3d 354, 358 (1st Circuit 2004).

26. Thus, the Government should not be allowed to use any information or witness to supply evidence on a motion, at a hearing, or at a trial.

27. Failure to provide disclosures was neither substantially justified nor harmless.

28. The Government's continuous neglect and disregard for deadlines, and Claimant's potential loss have been highlighted throughout this action.

29. The Government has wrongfully seized and maintained possession of the Vehicle worth approximately $3,750,000 USD for nearly two (2) years.

4

30. Claimant Thobias has been forced to defend a claim for a Vehicle that is allegedly connected to a crime that does not exist and is not related to any extant criminal action.

31. After more than two years of investigation, and no commencement of a criminal action, the allegations related to the seizure are merely a pretense and weaponization of the legal system to maintain possession of a very expensive asset, while violating the due process rights of Claimant Thobias every day the Vehicle is held.

32. Continuous failure to timely adhere to this Court's procedural and court-imposed deadlines underlines the weaponization of forfeiture law and bad faith of the Government.

33. Further, the Government has failed to properly maintain the Vehicle during that period, which requires a very unique and complicated maintenance protocol.

34. Thus, the value of the Vehicle may be deteriorating daily due to the Government's neglect.

35. The untimely disclosures prejudice and harm Claimant, the Vehicle, future defendants, and efficient court administration.

36. Before the addition of F.R.C.P. 37(c)(1), the Supreme Court ruled confirmed that the extreme sanction of dismissal of the case for failure to comply with discovery orders was appropriate and that the District Judge did not abuse his discretion in doing so. *See* National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 49 L. Ed. 2d 747, 96 S. Ct. 2778 (1976).

37. Thus, this Court should exclude all evidence the government failed to timely provide under F.R.C.P. 26(a) and pursuant to F.R.C.P 37(c) as such failure was neither substantially justified or harmless.

B. **This Court Should (1) Award Payment of Expenses, Including, But Not Limited To, Reasonable Attorney's Fees Pursuant to F.R.C.P 37(c)(1); and (2) Impose Additional Sanctions Pursuant to F.R.C.P 37(b)(2)(A).**

38. F.R.C.P. 37(c)(1) provides "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

> "(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> (B) may inform the jury of the party's failure; and
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi)."

39. In addition, F.R.C.P. 37(b)(2)(A)(i)—(vi) lists the following orders:

(i) "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination."

40. Thus, pursuant to F.R.C.P 37(c)(1)(A), this Court should "order payment of the reasonable expenses, including attorney's fees, caused by the failure."

41. Claimants continue to incur significant legal expenses to defend against questionable allegations in this *in rem* action to regain possession of the Vehicle.

6

42. Specifically, Claimants incurred significant legal expense due to the extensive motion practice necessitated by the government's non-compliance and disregard of Court deadlines, and it is appropriate for the Court to order the government to reimburse these costs.

43. In fact, as outlined in Paragraph's 5 through 15 of this motion, the Government repeatedly failed to adhere to deadlines, and Claimant needed to call upon this Court via motion practice to regulate the litigation.

44. Thus, in addition to the exclusion of evidence, Claimants request that the Court award attorney's fees to Claimants and consider imposing one or more of the additional F.R.C.P. 37 sanctions to ensure compliance and deter future violations and delays.

### III. CONCLUSION

Based on the foregoing reasons, Claimants move this Court to (1) exclude all evidence that was in the possession of the Government and not disclosed pursuant to Federal Rule of Civil Procedure 26(a), including, but not limited to, the identity of individuals likely to have discoverable information, and documents that may be used to support claims; (2) impose sanctions the court deems proper; and (3) award Claimants reasonable expenses, including attorney's fees, caused by the failure; and (4) any other discipline the court deems proper.

The moving party certifies that he has made a reasonable and good-faith effort to reach an agreement with opposing counsel in accordance with Local Rule 26(b) of the United States District Court for the District of Puerto Rico.

**WE HEREBY CERTIFY** that we electronically filed the instant claim using the CM/ECF System, which will send notification to all counsel of record.

Dated: March 17, 2025	Respectfully submitted,

/s/ Jonathan Edderai

Jonathan Edderai
*Admitted Pro Hac Vice*
Wolffers Cohen & Edderai, LLP
1132 Kane Concourse, Suite 205
Bay Harbor Islands, FL 33154
jonathan@wollfferscohen.com
Office: (786) 505-0431
Fax: (786) 544-2619

*and,*



PO Box 195075
San Juan, PR 00919-5075
Tel.: (787) 523-3434
Fax: (787) 523-3433
ndelnido@cstlawpr.com

*/s/ NATALIA E. DEL NIDO RODRÍGUEZ*
USDC-PR No. 301410

*Counsel for Claimants*