# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**2018 BUGATTI CHIRON (VIN#: VF9SP3V34JM7950830,**<br><br>Defendants *in rem*. | **Civil No. 23-1392 (MDM)** |

### MOTION TO GRANT UNOPPOSED URGENT MOTION FOR COURT INTERVENTION AND TO STAY *IN REM* PROCEEDINGS

Claimants Golden Exotics, LLC, and Kevin Thobias ("Claimant Thobias," and collectively, "Claimants"), by and through their undersigned counsel, make the following Motion To Grant Unopposed Urgent Motion For Court Intervention And To Stay *In Rem* Proceedings, and in support state as follows:

### I.   FACTS

1. On May 31, 2023, U.S. Magistrate Judge Bruce J. McGiverin, of the United States District Court for the District of Puerto Rico, issued a Warrant to Seize Property Subject to Forfeiture ("Warrant"), based solely on a sealed affidavit provided by a government agent (the "Affidavit"). *See* ECF No. 24-1.

2. On or about June 2, 2023, government authorities with the Department of Homeland Security ("DHS"), under the authority granted by the Warrant, seized a 2018 Bugatti Chiron (VIN#: VF9SP3V34JM795083) (the "Vehicle") belonging to Golden Exotics, LLC, a company in which Claimant Kevin Thobias is the sole member.

1

3. The Vehicle was seized in Miami, Florida.

4. Claimants filed a Motion to Dismiss this action on October 5, 2023 [ECF 24].

5. The Government failed to timely oppose such action. Thus, Claimants filed a motion to deem the Motion to Dismiss Unopposed [ECF 25].

6. The Government filed a motion to extend their deadline for another 15 days to respond to the motion to dismiss on October 21, 2024 [ECF 30].

7. The Government failed to oppose the motion to dismiss until December 22, 2023 [ECF 32].

8. This Court held four Settlement/Scheduling Conferences on August 15, 2024, August 23, 2024, September 5, 2024, and September 25, 2024 to address the motion to dismiss filed by Claimants, achieve a potential settlement, and impose a deadline for scheduling.

9. At a hearing before the Court on September 5, 2024, the Court ordered the Government to produce a government representative with authority to approve terms to a constructive seizure agreement due to the difficulty to receiving a response while negotiating the terms to the constructive seizure agreement [*See* ECF 52].

10. On November 14, 2024, Claimants filed an Amended Motion to Dismiss [ECF 58].

11. The Government filed its response in opposition to the Amended Motion to Dismiss on November 29, 2024 [ECF 59].

12. On January 13, 2025, Claimants filed a reply in support of their Amended Motion to Dismiss [ECF 64].

13. On January 16, 2025, the Claimants filed an Urgent Motion for Court Intervention and to Stay *In Rem* Proceedings [ECF 65].

14. On March 17, 2025, the Claimants filed a Motion to Exclude Evidence and Impose Sanctions Pursuant to Federal Rule of Civil Procedure 37 [ECF 66].

15. To date, the Government has not responded to Claimants Urgent Motion for Court Intervention and to Stay *In Rem* Proceedings.

## II.      LEGAL ARGUMENT

**This Court Should Deem Claimant's Urgent Motion for Court Intervention and to Stay *In Rem* Proceedings [ECF 65] Unopposed and grant claimant's motion, as the result would not clearly offend equity, but rather provide efficient administration of justice.**

19. As note, on January 16, 2025, Claimants filed an Urgent Motion for Court Intervention and to Stay *In Rem* Proceedings requesting the court to stay this action and intervene to assist with the ongoing negotiation of the contrastive seizure agreement between Claimants and the Government [ECF No. 65].

20. The Government was properly served via the CM/ECF system at that time. *See* D.P.R. Civ. R. 5(b).

21. Under Rule 7(b) of the Local Rules of the United States District Court for the District of Puerto Rico, a party has fourteen (14) days to respond to a motion by filing a written opposition with the court.

22. The 14-day period passed on January 30, 2025 without the Government filing any written opposition.

23. The Government has not contacted Claimants' counsel requesting any extension of the period for responding to the motion.

24. Under Local Rule 7(b), the Government's failure to file a supporting or answering memorandum in opposition to Claimants' Urgent Motion For Court Intervention And To Stay *In Rem* Proceedings constitutes a waiver of any objection to these motions:

> "Unless within fourteen (14) days after the service of a motion the opposing party files a written opposition to the motion, the opposing party shall be deemed to have waived any objection to the motion.

3

> Any opposition shall include citations, supporting authorities, affidavits and other documents setting forth or evidencing facts on which the objection is based."

L. Civ. R. 7(b).

25. In these circumstances, the local rules allow the District Court to grant the motion without having to address the merits, simply because of its unopposed nature. *See* Rodriguez-Salgado v. Somoza-Colombani, 937 F. Supp. 2d 206, 209-211 (D.P.R. 2013).

26. Further, "failure to oppose a motion in the District of Puerto Rico authorizes the presiding district judge to summarily grant the unopposed motion, 'at least when the result does not clearly offend equity.'" Rodriguez-Salgado, 937 F. Supp. 2d at 210-211 (D.P.R. 2013), quoting NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 7 (1st Cir. 2002).

27. Granting Claimant's Urgent Motion For Court Intervention And To Stay *In Rem* Proceedings would not clearly offend equity for reasons including, but not limited to, the following:

   (1) the Government waived any objection to the subject motion when they did not respond within 14 days of filing;

   (2) opposing counsel's failure to respond to the motion indicates they do not contest the stay requested, and suggests that no prejudice would result from granting the stay and providing court intervention;

   (3) Claimants provided meritorious arguments in support of their Urgent Motion and included undisputed facts and law that entitle Claimants to the relief sought [*See* ECF 65];

   (4) granting a stay of an *in rem* civil forfeiture case to prevent burdening the Claimant's Fifth Amendment right against self-incrimination in a related criminal investigation promotes the efficient administration of justice pursuant to 18 USC §981(g)(2).

(5) granting court intervention promotes the efficient administration of justice to finalize the constructive seizure agreement the Government has failed to finalize over the past six months, exhibiting prolonged and unjustified inaction which has resulted and will continue to result in undue prejudice to the Claimants.

28. As the Government has failed to timely respond to Claimants' meritorious Urgent Motion, the court should stay this action and intervene to assist in finalizing the constructive seizure agreement between Claimant's and the Government.

### III.    CONCLUSION

Based on the foregoing reasons, Claimants move this Court to:

(1) Grant Claimants' request for this Court's intervention without further hearing;

(2) Grant Claimants' motion to stay this action until the later of the end of the ongoing criminal investigations or the final disposition of any related criminal proceedings, or until such other time the Court deems proper, without further hearing.

(3) award Claimants reasonable expenses, including attorney's fees, caused by the failure; and

(4) such other relief as this Court considers just and proper.

**WE HEREBY CERTIFY** that we electronically filed the instant claim using the CM/ECF System, which will send notification to all counsel of record.

Dated: March 21, 2025                             Respectfully submitted,

    /s/ Jonathan Edderai
Jonathan Edderai
*Admitted Pro Hac Vice*
Cohen Edderai LLP
1132 Kane Concourse, Suite 205
Bay Harbor Islands, FL 33154
jonathan@wolfferscohen.com
Office: (786) 505-0431
Fax: (786) 544-2619

5

*and,*



PO Box 195075
San Juan, PR 00919-5075
Tel.: (787) 523-3434
Fax: (787) 523-3433
ndelnido@cstlawpr.com

*/s/ NATALIA E. DEL NIDO RODRÍGUEZ*
USDC-PR No. 301410

*Counsel for Claimants*