**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | **Civil No. 23-1392 (MDM)** |
| v. | |
| **2018 BUGATTI CHIRON (VIN#: VF9SP3V34JM795083)**, | |
| Defendants *in rem*. | |

**CLAIMANTS' REPLY TO UNITED STATES' RESPONSE TO MOTION TO EXCLUDE EVIDENCE AND IMPOSE SANCTIONS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 37**

Claimants Golden Exotics, LLC, and Kevin Thobias ("Claimant Thobias," and collectively, "Claimants"), by and through their undersigned counsel, provide this Claimant's Reply To United States' Response To Motion To Exclude Evidence And Impose Sanctions Pursuant To Federal Rules Of Civil Procedure 37, and in support state as follows:

## I.     BACKGROUND FACTS

1. On May 31, 2023, U.S. Magistrate Judge Bruce J. McGiverin, of the United States District Court for the District of Puerto Rico, issued a Warrant to Seize Property Subject to Forfeiture ("Warrant"), based solely on a sealed affidavit provided by a government agent (the "Affidavit"). See ECF No. 24-1. 2.

2. On or about June 2, 2023, government authorities with the Department of Homeland Security ("DHS"), under the authority granted by the Warrant, seized a 2018 Bugatti

1

Chiron (VIN#: VF9SP3V34JM795083) (the "Vehicle") belonging to Golden Exotics, LLC, a company in which Claimant Kevin Thobias is the sole member.

3.  The Vehicle was seized in Miami, Florida.

4.  Claimants filed a Motion to Dismiss this action on October 5, 2023 [ECF 24].

5.  The Plaintiff ("Government") failed to timely oppose such action. Thus, Claimants filed a motion to deem the Motion to Dismiss Unopposed [ECF 25].

6.  The Government filed a motion to extend their deadline for another 15 days to respond to the motion to dismiss on October 21, 2024 [ECF 30].

7.  The Government failed to oppose the motion to dismiss until December 22, 2023 [ECF 32].

8.  This Court held four Settlement/Scheduling Conferences on August 15, 2024, August 23, 2024, September 5, 2024, and September 25, 2024 to address the motion to dismiss filed by Claimants, achieve a potential settlement, and impose a deadline for scheduling.

9.  At a hearing before the Court on September 5, 2024, the Court ordered the Government to produce a government representative with authority to approve terms to a constructive seizure agreement due to the difficulty to receiving a response while negotiating the terms to the constructive seizure agreement [See ECF 52].

10. On November 14, 2024, Claimants filed an Amended Motion to Dismiss [ECF 58].

11. The Government filed its response in opposition to the Amended Motion to Dismiss on November 29, 2024 [ECF 59].

12. On January 13, 2025, Claimants filed a reply in support of their Amended Motion to Dismiss [ECF 64]. 13. On January 16, 2025, the Claimants filed an Urgent Motion for Court Intervention and to Stay In Rem Proceedings [ECF 65].

13. On March 17, 2025, the Claimants filed a Motion to Exclude Evidence and Impose Sanctions Pursuant to Federal Rule of Civil Procedure 37 [ECF 66] ("Motion to Exclude").

14. On March 21, 2025, the Claimants filed a Motion To Grant Unopposed Urgent Motion For Court Intervention And To Stay In Rem Proceedings [ECF 67].

15. On March 31, 2025, the Government filed an Opposition to Motion for Sanctions [ECF 68].

16. To date, the Government has not directly responded to Claimants Urgent Motion for Court Intervention and to Stay In Rem Proceedings.

## II.    <u>LEGAL ARGUMENT</u>

**A. This Court Should Exclude All Evidence The Government Failed To Timely Provide Under F.R.C.P. 26(a) and Pursuant To F.R.C.P 37(c).**

***a) The Government continues to neglect its responsibility to provide the information required under F.R.C.P. 26(a).***

17. F.R.C.P. 26(a)(1)(A) requires the Government to disclose (i) "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information"; (ii)"a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims"; (iii) "a computation of each category of damages claimed by the disclosing party"; and if relevant (iv) "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment."

3

18. Pursuant to F.R.C.P 37(c)(1), "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

19. The Claimants provided reasons the Government's exclusion of evidence was neither substantially justified or harmless in ECF 66.

20. In its opposition, the Government provides a list of items the Government alleges to have provided Claimants without addressing whether any exclusion was either substantially justified or harmless.

21. The Claimants' Motion to Exclude requests to "exclude **all evidence that was in the possession of the Government and not disclosed** pursuant to Federal Rule of Civil Procedure 26(a), including, but not limited to, the identity of individuals likely to have discoverable information, and documents that may be used to support claims."

22. The Motion to Exclude was filed to exclude evidence that was not provided, and therefore should be excluded pursuant to F.R.C.P 37(c)(1).

23. Interestingly, the Government opposes the Motion to Exclude pointing to information provided instead of stating everything disclosing party has in its possession, custody, or control and may use to support its claims was disclosed pursuant to F.R.C.P. 26(a)(1)(A).

24. In addition, the Government cites to several cases that are irrelevant to the subject Motion to Exclude, and fails to address whether an exclusion is either substantially justified or harmless, which is the crux of the determination in the cited cases.

25. In <u>United States v. 16614 Cayuga Rd.</u>, 69 F. App'x 915, 920 (10th Cir. 2003), the Government cites a case from a different circuit that simply affirmed the District Court's

decision to allow documents when the "record reflects that it was clear throughout the forfeiture proceedings that the government would be relying on this evidence." Further, the first footnote provides "this order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel."

26. In Holsum de P.R., Inc. v. Compass Indus. Grp. LLC, 530 F. Supp. 3d 228, 234 (D.P.R. 2021), the court specifically discusses the late disclosure of a witness known to all parties that was disclosed as a testifying witness. The case also does not address documents, electronically stored information, and tangible things in the custody or possession of the Government.

27. In Gagnon v. Teledyne Princeton, Inc., 437 F.3d 188, 197 (1st Cir. 2006), the court remanded a decision to instruct the previous court to make additional findings on the issue of harmlessness. In addition, it merely cited to the The Advisory Committee notes to the 1993 amendments to the rule, which stated the harmlessness provision in F.R.C.P 37(c)(1) is intended to avoid harsh penalties when a witness is known to all parties. It does not suggest avoidance of any penalty. Further, the court did not provide that knowledge of a party is dispositive in the determination of harmlessness.

28. The caselaw provided by the Government does not preclude exclusion of evidence or attorney's fees in the subject case.

29. Further, the Government's unilateral determination of Claimants' compliance with F.R.C.P. 26(a) does not excuse the Government from statutory sanctions related to their lack of compliance.

30. The Government seems to suggest there should be no accountability imposed for the lack of compliance with a court imposed deadline, and Claimants' should pry each witness, document or electronically stored information one by one.

31. Thus, the Government's Opposition to Motion for Sanctions should be denied, especially since Claimant is seeking to exclude evidence not disclosed by the Government and the Government is defending itself by citing evidence that it provided. The Government's Opposition runs in parallel to the Claimant's Motion to Exclude, and therefore should be denied.

***b) Claimants' complied with Local Rule 26(b) and made a reasonable and good-faith attempt to reach an agreement.***

32. The Claimants' counsel reached out to the Government in good faith prior to filing the Motion to Exclude.

33. As provided in previous filings, Claimants' have been dealing with continuous delay throughout these proceedings.

34. Regardless, Claimants' counsel reached out to the Government's counsel in good faith and asked the Government's counsel if there was anything to discuss related to the anticipated motion seeking exclusion of evidence.

35. Upon reaching out to the Government, the Government immediately stated they will just file an opposition instead of engaging in discussion.

36. Claimant's reached out to confer with the Government in good faith prior to all, if not most of, the previous motions filed when it was not required pursuant to Local Rule 26(b).

37. Thus, the Government has no basis to attribute the lack of compliance with Local Rule 26(b) on Claimants.

**B. This Court Should Disregard The Government's Request To Deny Claimant's Motion Unopposed Urgent Motion For Court Intervention And To Stay In Rem Proceedings Because (1) the Government Already Waived Any Objection To The Motion; and (2) the Government Does Not Provide Any Reason To Deny.**

38. In the prayer of their opposition, the Government requests the Court to deny ECF 67.

39. In ECF 67 Claimants filed a Motion To Grant Unopposed Urgent Motion For Court Intervention And To Stay In Rem Proceedings.

40. Throughout the opposition, the Government fails to provide this Court with any reason to grant such a request.

41. Instead, the Government added the prayer, without rhyme or reason, to an opposition that had nothing to do with the motion.

42. Further, the Government already waived any objection to the remedy sought in Claimants' Urgent Motion for Court Intervention and to Stay In Rem Proceedings [ECF No. 65].

43. Claimants' Motion To Grant Unopposed Urgent Motion For Court Intervention And To Stay In Rem Proceedings is merely a motion to deem ECF No. 65 unopposed.

44. Thus, any attempt to request this court to deny a stay or court intervention has already been waived under Rule 7(b) of the Local Rules of the United States District Court for the District of Puerto Rico.

45. As noted, on January 16, 2025, Claimants filed an Urgent Motion for Court Intervention and to Stay In Rem Proceedings ("Motion to Stay") requesting the court to stay this

action and intervene to assist with the ongoing negotiation of the contrastive seizure agreement between Claimants and the Government [ECF No. 65].

46. Under Rule 7(b) of the Local Rules of the United States District Court for the District of Puerto Rico, a party has fourteen (14) days to respond to a motion by filing a written opposition with the court.

47. The 14-day period passed on January 30, 2025 without the Government filing any written opposition.

48. To date, the Government has not responded to the Motion to Stay.

49. Under Local Rule 7(b), the Government's failure to file a supporting or answering memorandum in opposition to Claimants' Urgent Motion For Court Intervention And To Stay In Rem Proceedings constitutes a waiver of any objection to these motions:

> "Unless within fourteen (14) days after the service of a motion the opposing party files a written opposition to the motion, the opposing party shall be deemed to have waived any objection to the motion. Any opposition shall include citations, supporting authorities, affidavits and other documents setting forth or evidencing facts on which the objection is based." L. Civ. R. 7(b).

50. Thus, this Court should deny such prayer because (1) the Government has not provided any authority or reasoning for this Court to do so; and (2) the Government has already waived their ability to object to the denial of a motion to stay or for the court to intervene.

### III.    CONCLUSION

Based on the foregoing reasons, Claimants' move this Court to:

1) Grants Claimants' motion to exclude all evidence that was in the possession of the Government and not disclosed pursuant to Federal Rule of Civil Procedure 26(a),

including, but not limited to, the non-disclosed individuals likely to have discoverable information, and documents that may be used to support claims;

2) Grant Claimants' request for this Court's intervention without further hearing;

3) Grant Claimants' Motion to stay this action until the later of the end of the ongoing criminal investigations or the final disposition of any related criminal proceedings, or until such other time the Court deems proper, without further hearing;

4) award Claimants reasonable expenses, including attorney's fees, caused by the Government's failure to disclose; and

5) such other relief as this Court considers just and proper

**WE HEREBY CERTIFY** that we electronically filed the instant claim using the CM/ECF System, which will send notification to all counsel of record.

Respectfully submitted on April 17, 2025.

/s/ Jonathan Edderai

Jonathan Edderai
*Admitted Pro Hac Vice*
Cohen Edderai, LLP
1132 Kane Concourse, Suite 205
New York, NY 10012
Jonathan@wolfferscohen.com
Office: (786) 505-0431
Fax: (786) 544-2619

*and*



PO Box 195075
San Juan, PR 00919-5075
Tel.: (787) 523-3434
Fax: (787) 523-3433 ndelnido@cstlawpr.com

9

**_/s/ NATALIA E. DEL NIDO RODRÍGUEZ_**
USDC-PR No. 301410
*Counsel for Claimants*